## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SPRINT COMMUNICATIONS COMPANY L.P.,<br><br>Plaintiff,<br><br>v.<br><br>COMCAST CABLE COMMUNICATIONS LLC, et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Case No. 11-2684-JWL

## MEMORANDUM AND ORDER

This patent infringement case comes before the Court on plaintiff's objections (Doc. # 558) to the order by which the Magistrate Judge denied plaintiff's motion to amend to add claims of willful infringement (Doc. # 545). For the reasons set forth below, the objections are **overruled**.

### I.     Background

Plaintiff's original deadline for filing a motion to amend its complaint was May 17, 2013.  That deadline was extended to June 17, 2013, to accommodate defendants' service of discovery responses on June 12, 2013.  In those responses, defendants stated that as early as October 2005 they were aware of plaintiff's litigation against Vonage, which involved some of the same patents at issue here.  Nevertheless, plaintiff did not seek to amend before the deadline.  In October 2013, plaintiff did seek leave to amend

to add willful infringement claims in two similar cases in this Court, but it did not do so in this action.

In November 2013, defendants produced in discovery an e-mail from outside counsel concerning the *Vonage* litigation. Defendants sought to claw back the e-mail as privileged, and plaintiff moved to compel its production. In a July 2014 brief in opposition to that motion, defendants acknowledged that they had retained that counsel to review the *Vonage* litigation and to provide related legal advice. The Court did compel production of the e-mail, and defendants produced a privilege log on October 15, 2014.

On November 25, 2014, plaintiff filed its motion to amend its complaint to add claims of willful infringement with respect to six of the twelve patents at issue in the case. Plaintiff argued that its motion was prompted by the production of the e-mail and by the revelation from the privilege log that defendants had exchanged 260 e-mails with their counsel concerning the *Vonage* suit.

By Order of January 7, 2015, the Magistrate Judge denied the motion to amend. The Magistrate Judge concluded that plaintiff had not shown good cause pursuant to Fed. R. Civ. P. 16(b)(4) for its delay in seeking the amendment and that plaintiff had unduly delayed for purposes of Fed. R. Civ. P. 15(a), based on the notice to plaintiff in June 2013 that defendants had pre-suit knowledge of the *Vonage* case and these patents and the notice in July 2014 that defendants had retained counsel to advise them concerning that case. Plaintiff has timely objected to the Magistrate Judge's ruling.

## II.   Governing Standard of Review

With respect to a magistrate judge's order relating to nondispositive pretrial matters, the district court does not conduct a de novo review; rather, the court applies a more deferential standard by which the moving party must show that the magistrate judge's order is "clearly erroneous or contrary to law." *See First Union Mortgage Corp. v. Smith*, 229 F.3d 992, 995 (10th Cir. 2000) (quoting *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1461-62 (10th Cir. 1988)); 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). The clearly erroneous standard "requires that the reviewing court affirm unless it on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *See Ocelot Oil*, 847 F.2d at 1464 (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).

## III.   Analysis

Plaintiff's motion to amend was based on its learning in October 2014 that defendants had exchanged a large volume of e-mails with counsel concerning plaintiff's prosecution of some of these same patents in the *Vonage* case. That evidence, according to plaintiff, supports an argument that defendants were concerned that their own products infringed plaintiff's patents, and thus supports claims of willful infringement. Plaintiff argues that it reasonably believed that the mere fact of defendants' pre-suit knowledge of the patents (of which plaintiff had notice prior to the amendment deadline) was not sufficient to support a meritorious claim of willful infringement.

3

For purposes of this motion, the Court is willing to accept (without ruling on) plaintiff's position that this issue should not necessarily turn on whether a claim of willful infringement based solely on defendants' pre-suit knowledge could have survived a motion to dismiss, but that it is instead more important whether plaintiff has only recently obtained evidence sufficient to support a reasonable claim on the merits. Nevertheless, the Court concludes that plaintiff has not shown that its delay in filing its motion to amend was based on the discovery of such evidence.

As noted above, plaintiff's motion is based solely on evidence that defendants retained counsel to advise them concerning the *Vonage* litigation.  Defendants have noted that evidence of the retention of counsel ordinarily could not be used to support a claim of willful infringement, as the defendant would then inappropriately be forced to choose between revealing privileged communications (the substance of the legal advice concerning whether the defendant was infringing) and being subjected to an adverse inference drawn by the trier of fact that it did receive a legal opinion that it was infringing.  *See, e.g.*, *Telcordia Technologies, Inc. v. Lucent Technologies, Inc.*, 2007 WL 7076662, at *5-6 (D. Del. Apr. 27, 2007) (citing cases) (plaintiff asserting willful infringement could not introduce evidence of the defendant's decision not to disclose advice of counsel); *see also Golden Blount, Inc. v. Robert H. Peterson Co.*, 438 F.3d 1354, 1368 (Fed. Cir. 2006) (quoted in *Telcordia*) (a plaintiff's showing on willfulness cannot be satisfied merely by proof that the defendant is withholding privileged advice of counsel).  In its briefs to this Court and to the Magistrate Judge, plaintiff has agreed

4

that the mere retention of counsel is not sufficient to support a willfulness claim.

Plaintiff argues that it does not rely on the mere retention of counsel by defendants to support its proposed claims, but that it instead relies on the content of the single e-mail and the volume of e-mails exchanged with counsel. Plaintiff received that e-mail in November 2013, and as defendants noted in their brief to the Magistrate Judge, plaintiff subsequently used that e-mail in discovery. Plaintiff has not explained why defendants' ultimately unsuccessful attempt to claw back that e-mail (which was ruled not to contain privileged information) means that it should not be charged with notice of its contents in November 2013. Moreover, the Court is not persuaded that the content of that e-mail reveals anything more probative of willfulness than the fact that defendants retained counsel to review the *Vonage* litigation—a fact that plaintiff was again told in July 2014, and a fact that plaintiff concedes cannot support a willfulness claim. Similarly, plaintiff cannot circumvent its inability to rely on defendants' retention of counsel by pointing to the sheer volume of privileged communications, as such evidence would still create the impermissible choice for defendants between revealing privileged communications and suffering the adverse inference that the advice was unfavorable. Plaintiff has not cited any authority suggesting that the volume of communications with counsel somehow removes the case from the general rule against relying on the retention of counsel. Accordingly, the Court concludes that plaintiff cannot reasonably have concluded that the discovery of a large volume of privileged communications in October 2014 made their proposed willfulness claim sufficiently meritorious to be asserted.

In light of that conclusion, the Court must further conclude that the Magistrate Judge did not clearly err in ruling that plaintiff had no good reason for its delay in seeking to amend, and the Court therefore overrules plaintiff's objections.

IT IS THEREFORE ORDERED BY THE COURT THAT plaintiff's objections (Doc. # 558) to the Magistrate Judge's Order of January 7, 2015, are hereby **overruled**.

IT IS SO ORDERED.

Dated this 17th day of March, 2015, in Kansas City, Kansas.

s/ John W. Lungstrum

_____

John W. Lungstrum
United States District Judge