IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SPRINT COMMUNICATIONS           )
COMPANY L.P.,                   )
                                )
                 Plaintiff,     )
                                )
        v.                      )        Case No. 11-2684-JWL
                                )
COMCAST CABLE COMMUNICATIONS    )
LLC, et al.,                    )
                                )
                 Defendants.    )
_____ )

## MEMORANDUM AND ORDER

This case comes before the Court on plaintiff's objections (Doc. # 724) to the Order of April 16, 2015, in which the Magistrate Judge denied plaintiff's motion to compel production of certain documents with respect to which defendants had asserted the attorney-client privilege. For the reasons set forth below, the objections are **overruled**.

With respect to a magistrate judge's order relating to nondispositive pretrial matters, the district court does not conduct a de novo review; rather, the court applies a more deferential standard by which the moving party must show that the magistrate judge's order is "clearly erroneous or contrary to law." *See First Union Mortgage Corp. v. Smith*, 229 F.3d 992, 995 (10th Cir. 2000) (quoting *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1461-62 (10th Cir. 1988)); 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). The clearly erroneous standard "requires that the reviewing court affirm unless

it on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *See Ocelot Oil*, 847 F.2d at 1464 (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).

In its motion to compel, plaintiff argued that defendants waived the attorney-client privilege with respect to certain documents by placing the protected information "at issue".  Defendants have asserted equitable estoppel and other defenses, by which defendants contend that they reasonably relied on plaintiff's conduct to believe that plaintiff did not intend to enforce its patents against them.  Plaintiff argued that defendants thereby put at issue their state of mind with respect to their true motivation and reliance in proceeding with their allegedly infringing activities.  Plaintiff sought to compel the production of (a) documents reflecting attorney advice to defendants concerning issues of validity and infringement; and (b) documents reflecting attorney advice concerning certain agreements and proposals on which defendants purportedly relied in believing that plaintiff would not pursue enforcement.  With respect to the former category of documents, plaintiff argued that David Marcus, defendants' chief patent counsel and Rule 30(b)(6) designee, placed the privileged information at issue by testifying about defendants' reliance and motivations and by making a PowerPoint presentation to certain executives concerning outside counsel's patent opinions.  With respect to the latter category of documents, plaintiff argued that Phil Miller placed the privileged information at issue by testifying about his and defendants' attorneys' understanding that the agreements and proposals made suit by plaintiff unlikely.  The

2

Magistrate Judge concluded that no "at issue" waiver had occurred with respect to either category of documents, and he therefore denied the motion to compel with respect to that issue.

The parties have agreed, both before the Magistrate Judge and before the undersigned, that this issue is governed by the *Hearn* test. *See Hearn v. Rhay*, 68 F.R.D. 574, 581 (E.D. Wash. 1975); *see also Frontier Ref., Inc. v. Gorman-Rupp Co.*, 136 F.3d 699-702 (10th Cir. 1998) (applying *Hearn* test). Because the Court concludes that the Magistrate Judge did not clearly err in concluding that the third prong of the *Hearn* test was not satisfied in this case, the Court need not consider the first two prongs of the test.

By its third prong, the *Hearn* test for at-issue waiver requires a finding that "application of the privilege would have denied the opposing party access to information vital to its [opposition to the affirmative defense]." *See Frontier Ref.*, 136 F.3d at 701 (quoting *Hearn*, 68 F.R.D. at 581). Mere relevance is not sufficient; instead, "the information must also be 'vital,' which necessarily implies the information is available from no other source." *See id.*[1]

---

[1]Plaintiff notes that in *Frontier Refining*, in stating this definition of "vital", the Tenth Circuit cited *Greater Newburyport Clamshell Alliance v. Public Service Co. of New Hampshire*, 838 F.2d 13 (1st Cir. 1988), *see Frontier Ref.*, 136 F.3d at 701 (citing *Greater Newburyport*, 838 F.2d at 20), and plaintiff asks the Court to follow certain standards stated by the First Circuit, including one that would allow for a mere showing that redundant evidence would be helpful to the case. *See Greater Newburyport*, 838 F.2d at 22. The First Circuit did not state that those standards applied to the "vitality" prong of the *Hearn* test, however, and the Tenth Circuit in *Frontier Refining* did not cite to that portion of *Greater Newburyport*. Accordingly, the Court will apply the Tenth
(continued...)

3

With respect to the documents sought pursuant to Mr. Marcus's testimony, the Magistrate Judge concluded that information concerning defendants' motivations and state of mind was available from fact witnesses, including defendants' employees, and the Magistrate Judge did not clearly err in so concluding.  Plaintiff argues that the privileged information—the advice of the outside attorneys—is not available elsewhere, but the Tenth Circuit applied the "vitality" prong in a different manner in *Frontier Refining*.  In that case, the Tenth Circuit did not merely consider whether the privileged information was available elsewhere; rather, in finding that this prong was not satisfied, the court concluded that other sources were available for evidence of the party's motivations generally.  *See id.* at 701-02.  Accordingly, the Court rejects this argument that the Magistrate Judge clearly erred.

With respect to documents sought pursuant to Mr. Miller's testimony, the Magistrate Judge noted plaintiff's argument that evidence of an opinion by counsel that the agreements and proposals made enforcement unlikely would undercut any contention by defendants that they actually relied on later conduct by plaintiff.  The Magistrate Judge rejected that argument, on the basis that the desired "undercutting" with respect to reliance on later conduct was already achieved by defendants' contention that they relied on the agreements and proposals.  For that reason, the Magistrate Judge found that the third prong of the *Hearn* test had not been satisfied.  In its objections to this Court,

---

[1](...continued)
Circuit's requirement of a finding that the information is available from no other source.

plaintiff has not even addressed this reasoning by the Magistrate Judge. Thus, this Court concludes that the Magistrate Judge did not clearly err in rejecting plaintiff's claim of "at issue" waiver with respect to these documents.

The Court rejects plaintiff's additional arguments as well. Plaintiff argues that the Magistrate Judge rejected an argument for the automatic waiver standard that plaintiff did not make; the Court does not agree, however, that the Magistrate Judge mischaracterized plaintiff's arguments, and at any rate that rejection by the Magistrate Judge did not affect his ultimate application of the third prong of the *Hearn* test. Nor did the Magistrate Judge improperly apply a standard stricter than *Hearn* in applying that test's first two prongs, and, again, that analysis by the Magistrate Judge did not relate to his application of the third prong. The Magistrate Judge did not clearly err in rejecting plaintiff's undeveloped argument for express waiver, particularly in light of the testimony that Mr. Miller could not recall any communications with attorneys. Finally, plaintiff has not shown that an *in camera* review is warranted here, and thus the Magistrate Judge did not clearly err in denying that request.

For these reasons, the Court overrules plaintiff's objections.

IT IS THEREFORE ORDERED BY THE COURT THAT plaintiff's objections (Doc. # 724) to the Magistrate Judge's Order of April 16, 2015, are hereby **overruled**.

IT IS SO ORDERED.

5

Dated this 19th day of June, 2015, in Kansas City, Kansas.

                                        __s/ John W. Lungstrum_____
                                        John W. Lungstrum
                                        United States District Judge