IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| SPRINT COMMUNICATIONS CO., L.P., | ) | **CONSOLIDATED CASES** |
| Plaintiff, | ) | |
| v. | ) | Case No. 11-2684-JWL |
| COMCAST CABLE COMMUNICATIONS, LLC, et al., | ) | |
| Defendants. | ) | |
| SPRINT COMMUNICATIONS CO., L.P., | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 11-2685-JWL |
| CABLE ONE, INC., | ) | |
| Defendant. | ) | |
| SPRINT COMMUNICATIONS CO., L.P., | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 11-2686-JWL |
| TIME WARNER CABLE, INC., et al., | ) | |
| Defendants. | ) | |

## **ORDER**

In these consolidated cases, Sprint Communications Company, L.P. has brought

patent-infringement claims against various defendants who provide Voice over Internet Protocol (VoIP) services to local cable companies. Sprint alleges that defendants' VoIP technology infringes twelve of its patents. Sprint previously filed a motion to compel Time Warner Cable, Inc. (TWC) to produce documents and testimony TWC had withheld as protected by the attorney-client privilege.[1] This court denied that motion without prejudice, instructing the parties to engage in additional meet and confer efforts.[2] Sprint then filed the motion presently before this court (ECF doc. 747). In this renewed motion to compel, Sprint claims the parties engaged in additional meet and confer efforts but are at an impasse. For the reasons stated below, the motion is granted in part and denied in part.

In the present motion, Sprint asks this court to compel Comcast Communications, LLC to produce several documents. In its response, Comcast claims the matter is much narrower because it turned over additional documents, but simply forgot to delete those documents from its privilege log, leading to some confusion. Comcast does admit, however, that it continues to withhold seven communications Sprint seeks on the basis that those communications are privileged. Because there are so few documents at issue, and because of the difficulty in briefing the issues without risking potential waiver, Comcast stated it did not oppose Sprint's request that the remaining disputed communications be submitted to the court for *in camera* review.

---

[1] ECF doc. 603.

[2] ECF doc. 700.

By way of background, in August 2007, Comcast, Cox and Time Warner Cable (TWC) jointly retained the law firm of Dreier, LLP as legal counsel to look into the proceedings in a then-pending Kansas case, *Sprint v. Vonage*, 05-cv-2433-JWL (the prior case). *Sprint v. Vonage* concerned some of the same "voice over packet" patents at issue in the present case. Comcast claims that the legal advice included an oral opinion on the subject of the validity of the patents asserted by Sprint in the litigation.[3]

In June 2014, Comcast learned that it had inadvertently produced an email from Drier that Comcast, TWC and Cox believed to be privileged. Sprint moved compel the production of that email, arguing that it was not a confidential communication. This court ruled that the email was not privileged. Based on that ruling, Comcast turned over additional documents. Sprint then filed a motion to compel, which this court denied without prejudice due to the parties' failure to meet and confer. The parties met and conferred, and Comcast discovered that many of the requested communications were incorrectly withheld, and produced them.

Sprint filed its present motion, and argues that the remaining documents should be turned over because Comcast failed to establish that it shared a common legal interest with Cox and TWC and that Comcast has failed to establish that the documents contain legal advice. Comcast argues that Comcast, Cox and TWC were joint clients of Dreier with a common legal interest, and that, as a result, their privileged communications are protected

---

[3]ECF doc. 801 at 8.

from disclosure under the joint client privilege.[4]

Sprint also claims that many of the relevant documents that Comcast has produced remain in heavily redacted form, and that Comcast has provided no reason to exclude these documents from the *in camera* review. With that in mind, Sprint asks this court to review those documents for privilege as well. However, Sprint fails to identify the documents to which it is referring. Because Sprint's request - raised in its reply - is too vague for the court to consider or grant, it is denied without prejudice.

Sprint also asks this court to make a threshold determination whether the joint-client doctrine applies to the Dreier communications. The court declines to make such a broad ruling, and will instead focus on the documents produced for its *in camera* review.

Federal law governs the application of the attorney-client privilege in patent litigation.[5] Under federal common law, the essential elements of the attorney-client privilege are: (1) where legal advice of any kind is sought (2) from a professional legal advisor in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or

---

[4]ECF doc. 801 at 12. When clients jointly retain an attorney on a matter of common interest, joint client privilege operates to protect privileged communications among the attorney and the joint clients from disclosure to third parties. *See In re Teleglobe Comms. Corp.*, 493 F.3d 345, 363 (3d Cir. 2007); *Static Control Components, Inc. v. Lexmark Int'l, Inc.*, 250 F.R.D. 575, 578 n.2 (D. Colo. 2007). However, the joint client exception has not yet been recognized by the Tenth Circuit or the District of Kansas.

[5]Fed. R. Evid. 501; *High Point SARL v. Sprint Nextel Corp.*, No. 09-2269, 2012 WL 234024, at *5 (D. Kan. Jan. 25, 2012); *New Jersey v. Sprint Corp.,* 258 F.R.D. 421, 425 (D. Kan. 2009).

by the legal advisor, (8) except if the protection is waived.[6]  Although this description suggests that the privilege only operates to protect the client's communications to a lawyer, the Tenth Circuit recognizes that a lawyer's communication to a client is also protected if it is "related to the rendition of legal services and advice."[7]  The party asserting the privilege, here Comcast, bears the burden of establishing the privilege applies.[8]

Here, Sprint argues that any attorney-client privilege was waived because the communications between Comcast and the Dreier firm included third parties, i.e., TWC and Cox.  Comcast counters that the joint client privilege applies.  As noted above, the court need not reach the question of joint-client applicability to decide the current dispute.

This court has reviewed the documents at issue in this case.  The emails are not privileged.  Simply stated, the documents do not reveal any client confidences, legal advice, strategy, or attorney thought process.  Rather, the emails - many of which contain the same redacted information in the course of an email string - merely contain a general description

---

[6] *New Jersey v. Sprint Corp.*, 258 F.R.D. at 425.

[7] *Sprague v. Thorn Americas, Inc.*, 129 F.3d 1355, 1370 (10th Cir. 1997) (rejecting narrower view that only communications that reveal confidences from the client are protected); *see also id.* (holding that the Tenth Circuit's view "protects from forced disclosure any communication from an attorney to his client when made in the course of giving legal advice"); *C.T. v. Liberal School Dist.*, Nos. 06-2093, 06-2360, 06-2359, 2008 WL 217203, at *2 (D. Kan. Jan. 25, 2008) ("The privilege also protects advice given by the lawyer in the course of representing the client."); *Heartland Surgical Specialty Hosp., LLC v. Midwest Division, Inc.*, No. 05-2164, 2007 WL 2192885, at *5 (D. Kan. July 25, 2007) ("The privilege applies to communications from the client to the attorney and from the attorney to the client.").

[8] *In re Grand Jury Proceedings*, 616 F.3d 1172, 1183 (10th Cir. 2010).

of work completed and topics discussed. As such, the first round of documents produced for the court's *in camera* review must be produced.

There is one final issue to address. Comcast withheld one document from the court's *in camera* review that it claimed was raised for first time in Sprint's reply brief. Specifically, Sprint asked this court to review a PowerPoint presentation Comcast created that memorialized the oral opinion from the Dreier firm. Comcast has refused to produce the presentation on ground of attorney-client privilege. Sprint then emailed chambers, and copied Comcast counsel, arguing the additional document withheld should be produced. This court ordered the production of the document for *in camera* review. Comcast complied, but also included a letter explaining the document had not been produced because it was untimely raised for the first time in Sprint's reply brief.

This court has reviewed the briefing and agrees with Comcast that the PowerPoint presentation was not specifically addressed until Sprint's reply brief. Even if it had been timely raised, however, production would not be appropriate. The court has reviewed D00005472, which is a copy of a presentation sent by Matthew Kaufman of Dreier LLP to David Marcus, Comcast's in-house patent counsel on October 11, 2007. The presentation was created by attorneys at Drier and was presented to Comcast executives, and was not shared with any third party. The document is clearly protected by privilege and need not be produced.

IT IS THEREFORE ORDERED that Sprint's motion to compel is granted as to the production of the first set of emails produced to the court for *in camera* review. Sprint's

motion to compel is denied as to the PowerPoint presentation produced in the second email to the court for *in camera* review.

Dated June 29, 2015, at Kansas City, Kansas.

                                                s/ James P. O'Hara  
                                                James P. O'Hara  
                                                U.S. Magistrate Judge