IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| SPRINT COMMUNICATIONS CO., L.P., | ) | |
| | ) | **CONSOLIDATED CASES** |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 11-2684-JWL |
| | ) | |
| COMCAST CABLE COMMUNICATIONS, LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |
| SPRINT COMMUNICATIONS CO., L.P., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 11-2685-JWL |
| | ) | |
| CABLE ONE, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |
| SPRINT COMMUNICATIONS CO., L.P., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 11-2686-JWL |
| | ) | |
| TIME WARNER CABLE, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**ORDER**

In these consolidated cases, Sprint Communications Company, L.P. has brought

patent-infringement claims against various defendants who provide Voice over Internet Protocol ("VoIP") services to local cable companies. Sprint alleges that defendants' VoIP technology infringes twelve of its patents. In this motion to compel, Sprint seeks all documents and testimony bearing on the reasonableness of a claim by Time Warner Cable, Inc. ("TWC") that contracts with Sprint permitted TWC to "go it alone" free of patent suit, and all documents and testimony bearing on whether TWC believed Sprint's patents could successfully be asserted against TWC (ECF doc. 749). For the reasons stated below, Sprint's motion is denied.

TWC has claimed the requested documents are protected by attorney-client privilege. In its motion, Sprint argues that TWC waived the privilege by allegedly putting their attorneys' advice at issue through equitable estoppel defenses and the requisite element of reliance.

Sprint previously filed a motion to compel TWC to produce the same documents at issue in the present motion.[1] The court denied that motion without prejudice because Sprint failed to comply with the letter and spirit of the meet-and-confer requirements of Fed. R. Civ. P. 37(a)(1) and D. Kan. Rule 37.2.[2] However, the court noted:

> Should the parties be unable to resolve the disputes raised in Sprint's motion after an honest, good-faith effort, and should Sprint re-file the motion (the timeliness of which the court will not decide today), Sprint should address why its arguments are not precluded by the court's April 16, 2015 order in

---

[1] ECF doc. 603.

[2] ECF doc. 700.

*Sprint v. Comcast*, Case No. 11-2684 (ECF doc. 698).[3]

The court's April 16, 2015 order denied Sprint's motion to compel against Comcast Cable Communications, LLC, Comcast IP Phone, LLC, and Comcast Phone of Kansas, LLC, (together, "Comcast"). In that motion, Sprint set forth an argument against Comcast that is nearly identical to the one it asserts here and in its prior motion. Specifically, Sprint sought documents that Comcast claimed were privileged, arguing that Comcast waived the privilege by allegedly putting their attorneys' advice at issue through their equitable estoppel defense and reliance. The court denied Sprint's motion, rejecting Sprint's underlying contention that pleading a claim or defense that has "reasonableness" or "reliance" as a necessary element places the advice of counsel "at issue." Although the court found Comcast did not place its counsel's opinions at issue merely by asserting reasonable reliance on Sprint's conduct, the court warned Comcast that if it affirmatively and voluntarily injected the reliance-on-counsel issue at trial or in subsequent briefing to the court that the court would revisit the issue.

In this renewed motion to compel, Sprint claims the parties engaged in additional meet-and-confer efforts but are at an impasse. Sprint asks the court to find that TWC's defenses resulted in an at-issue waiver, and order TWC to produce the documents at issue. Alternatively, Sprint argues that even if the at-issue waiver has not occurred, TWC should still be required to produce the documents because TWC failed to substantiate its privilege claims with a proper privilege log. Sprint also asks for an *in camera* review of the

---

[3]ECF doc. 700.

documents, or an order barring TWC from putting on evidence of reliance, as it should not be allowed to argue an equitable claim while allegedly suppressing harmful facts it put at issue.

## Timeliness of Sprint's Motion

In the order denying Sprint's initial motion to compel for failure to confer, the court noted that it would address whether a future motion would be timely at the time of re-filing. Sprint claims that its motion is timely because its arguments are renewed by TWC's continued tardy privilege logs and because of a strong judicial preference to resolve issues on the merits. Sprint points out that its original motion was timely, and that this court invited it to re-file its motion after additional meet and confer efforts. Sprint does recognize, however, that the court stated that it would examine the timeliness of any subsequent motion once filed. Sprint argues that its motion is timely because TWC did not produce the privilege log of its head patent counsel - Andy Block - until March 27, 2015, after the close of discovery and on the due date for Sprint's reply brief on its original motion to compel. Sprint argues that this court thus must resolve the arguments as to the log at issue, and that there is no prejudice to TWC if the court extends that decision to entries in previous logs.

TWC argues Sprint's motion is untimely. TWC claims Sprint has been aware of the bases for TWC's equitable defenses since at least March 29, 2014 and that it has been left in limbo for several months due to Sprint's delay.

Although a close call, the court tends to agree that the motion is untimely. It was Sprint's own failure to comply with the meet-and-confer requirements that caused its initial

11-2684-JWL-749.wpd                              4

motion to be dismissed. However, due to the complex nature of this case and the substantial briefing involved, this court will nevertheless address the merits of Sprint's motion.

### **Sprint's Motion is Precluded By This Court's Prior Comcast Ruling**

In the order denying Sprint's previous motion to compel against TWC, the court ordered Sprint to address why its arguments are not precluded by the April 16, 2015 order in *Sprint v. Comcast*, Case No. 11-2684 (ECF doc. 698). By way of background, on the same day Sprint moved to compel against TWC, Sprint also brought a substantively identical motion to compel against Comcast. Similar to Sprint's argument with respect to TWC in the motion before this court, Sprint argued Comcast waived privilege protection as to certain documents by putting its communications with counsel "at issue" and sought *in camera* review of the documents.

As noted earlier, the court denied Sprint's motion against Comcast, and held Comcast had not waived privilege. The court rejected Sprint's argument that Comcast put its counsel's advice at issue by pleading a necessary element of its estoppel defense. Although Comcast's state of mind, beliefs, and knowledge" were deemed *relevant* to Comcast's affirmative defenses, it simply was not *inextricably merged* with the elements of Sprint's case and Comcast's affirmative defense. As such, the court held Comcast could establish the element of reasonable reliance with evidence other than its counsel advice and further noted that Comcast had affirmatively stated it would not offer or rely on the substance of any legal advice or privileged communications to demonstrate its reliance or reason for believing that Sprint did not intend to sue Comcast.

Sprint argues this motion is distinguishable from the Comcast ruling. First, it claims the ruling was incorrect, as noted in its objections to that order it filed with the presiding U.S. District Judge, John W. Lungstrum. Notably, however, Judge Lungstrum overruled Sprint's objections.[4]

Sprint also argues that even under the court's reasoning in Comcast's case, TWC has waived privilege. Specifically, Sprint argues the facts set forth by TWC to prove its theories are inextricably merged with legal advice. TWC counters that Sprint simply sets forth the same arguments already rejected by the court in the Comcast ruling. Notably, TWC claims that just like Comcast, TWC will not offer or rely on any legal advice or communications to demonstrate its reliance or its reasons for believing Sprint did not intend to sue TWC on Sprint's patents. As such, TWC argues Sprint is not entitled to the production of documents solely as a means of checking its statements.

Sprint also tries to distance itself from the Comcast ruling by claiming that while one of Comcast's witnesses made only a vague and limited reference to the involvement of attorneys, there are more connections with TWC. For example, Sprint argues that the same TWC employees who relied on Sprint's conduct to believe Sprint would not sue are also on TWC's privilege log. Sprint also takes issue with the fact that TWC listed its in-house counsel as one of many who allegedly relied on Sprint's conduct as a basis not to be sued. TWC counters that while there was at least a brief, vague reference in Comcast, Sprint cannot

---

[4] ECF doc. 831.

point to any reference to counsel's opinions with respect to the TWC-Sprint contracts. TWC also argues that the Comcast ruling also involved witnesses who appeared on the privilege log, and that the documents were still not ordered disclosed. Finally, TWC argues that the mere fact that it listed its in-house counsel as one of several employees misled by Sprint does not support Sprint's broad argument that the privilege was waived. TWC asserts that Comcast's in-house counsel also testified, and thus any reference to its in-house counsel is not distinguishable from the Comcast ruling.

The court has reviewed its prior ruling and the extensive briefing involved in the present matter. Quite simply, Sprint has failed to distinguish its motion against TWC from the court's prior Comcast ruling. In that ruling, this court analyzed the elements of equitable estoppel as well as the legal analysis for the attorney-client privilege and waiver. The court incorporates its prior ruling by reference. For the reasons set forth in its earlier ruling as to the motion to compel against Comcast (ECF doc. 698) and Judge Lungstrum's opinion affirming that ruling (ECF doc.831), Sprint's motion to compel is denied.

### *In Camera* Review is Not Necessary

Sprint requests an *in camera* review of the withheld documents and claims that its request is distinguishable from those rejected by this court in the Comcast matter because TWC continues to make wrongful privilege claims despite significant guidance from this court. As an example, Sprint points to an e-mail listed in a privilege log that it questioned during the meet-and-confer process. TWC ultimately voluntarily produced the e-mail, which Sprint claims did not meet the standard for attorney-client privilege. Sprint argues that there

is no way to tell how many privilege claims TWC is overselling on documents.

TWC counters that *in camera* reviews should not be routinely undertaken, particularly in a case with substantial documents. TWC further argues Sprint failed to identify each specific document it seeks to have reviewed, and that its broad and generalized arguments are not sufficient to warrant *in camera* review.

Sprint's request for an *in camera* review is denied. Sprint's example in its brief only establishes that TWC voluntarily turned over a communication it deemed not to be privileged. Thus, at this time (though without foreclosing the future possibility), the court declines to review any documents *in camera*.

## Conclusion

At this juncture, the court finds that TWC did not place its counsel's opinions at issue by asserting reasonable reliance on Sprint's conduct. However, should TWC affirmatively and voluntarily inject the reliance-on-counsel issue at trial or in subsequent briefing to the court, the issue of whether TWC implicitly waived the privilege will be revisited.

IT IS THEREFORE ORDERED:

1. Sprint's motion to compel on the issue of "at issue waiver" is denied.
2. Sprint's request for complete *in camera* review of documents withheld by TWC is denied.

Dated July 2, 2015, at Kansas City, Kansas.

                s/ James P. O'Hara
                James P. O'Hara
                U.S. Magistrate Judge