IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| SPRINT COMMUNICATIONS COMPANY L.P., | ) ) ) | <u>CONSOLIDATED CASES</u> |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 11-2684-JWL |
| COMCAST CABLE COMMUNICATIONS LLC, et al., | ) ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |
| SPRINT COMMUNICATIONS COMPANY L.P., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 11-2685-JWL |
| CABLE ONE, INC., | ) ) | |
| Defendant. | ) ) | |
| _____ | ) | |
| SPRINT COMMUNICATIONS COMPANY L.P., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 11-2686-JWL |
| TIME WARNER CABLE, INC., et al., | ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

**<u>MEMORANDUM AND ORDER</u>**

This matter comes before the Court in these consolidated cases on defendants' motion to stay the cases pending the outcome of the appeal by plaintiff Sprint Communications Company L.P. ("Sprint") from orders issued by another court (Doc. # 846, filed in Case No. 11-2684).  Case No. 11-2684 has already been stayed.[1]  In Case Nos. 11-2685 and 11-2686, for the reasons set forth below, the Court **grants** the motion, the trial settings and all deadlines are vacated in those two cases, and those cases are hereby stayed until further order of the Court.

By Memorandum and Order of October 9, 2014, by which the Court resolved the parties' claim construction disputes, the Court rejected defendants' argument that the term "processing system" found in various patents at issue here was impermissibly indefinite.  On May 15, 2015, in *Cox Communications Inc. v. Sprint Communications Company L.P.*, No. 12-487-SLR (D. Del.), the district court in Delaware ruled that the term "processing system" in six of the same patents was indefinite, and it therefore granted summary judgment in favor of Cox on Cox's claims seeking a declaration of those patents' invalidity.  On August 27, 2015, the court in *Cox* granted Cox's request for entry of final judgment on those claims pursuant to Fed. R. Civ. P. 54(b), and that judgment was entered by order of September 3, 2015.  On October 1, 2015, Sprint filed a notice of appeal to the Court of Appeals for the Federal Circuit from those orders by

_____

[1]If the stay previously ordered in Case No. 11-2684 is lifted, that case shall be stayed, upon request, pending outcome of the appeal from the Delaware court for the reasons set forth in this order.

the district court in *Cox*.

Defendants in these cases seek a stay pending the resolution on appeal in *Cox* of the issue of the validity of six of the ten patents at issue here. The Court agrees that a stay is appropriate in this case for prudential reasons. Specifically, in the *Cox* appeal, the Federal Circuit will resolve the issue of the validity of six patents at issue in this case, and that ruling will be binding on this Court. Thus, the appeal will determine the proper scope of this litigation, and awaiting that outcome will avoid the possibility of multiple trials on related patents that (as agreed by the parties) would involve substantially the same defenses, evidence, and witnesses. Thus, a stay promotes interests of judicial economy and potentially saves the parties the costs and burdens of multiple trials as well.[2]

The Court does not believe that the requested stay would unduly prejudice Sprint. Sprint points to the delay in awaiting the outcome of the appeal, but as defendants note, Sprint delayed for several years in filing these suits, which have then been litigated over a number of years. Moreover, Sprint's prior consent to an ongoing stay in one of these

---

[2]Defendants argue that if the cases were not stayed, trials would proceed in this Court only on four patents because the other six patents should be deemed invalid on the basis of collateral estoppel (in light of the *Cox* judgment on those patents). Sprint disputes that collateral estoppel would apply here. The Court need not and does not decide that issue at this time, as either outcome presents a risk of multiple trials—if claims on only four patents were tried, a later trial could be required on the other six patents if the Federal Circuit deemed them valid; if claims on all ten patents were tried now, retrial might be required for claims on four patents if the Federal Circuit affirmed in *Cox*, in light of the fact that, as Sprint seemingly concedes, Sprint has not segregated its damage theories by patent.

three related cases in this Court contradicts any suggestion of urgency by Sprint. Sprint argues that a delay will allow defendants to continue their allegedly infringing activity, but as defendants note, additional infringement may be redressed by additional damages if appropriate, and Sprint has not sought a preliminary injunction to halt such activity. Sprint also argues that a delay will allow additional time for the litigation of "retaliation" suits such as those brought by Cox and Comcast. Sprint has not explained how the litigation of those suits harm the litigation of the present suits on their merits, however, and the parties seeking the stay at this time (the Time Warner and Cable One defendants) have not filed any such suits. The Court thus concludes that any potential prejudice to Sprint from a stay is outweighed by the potential benefits, including judicial economy and avoiding the unnecessary costs and burdens of multiple trials on the same or similar issues involving the same witnesses and evidence.

Sprint argues that other factors weigh against a stay, including the fact that defendants have not demonstrated a likelihood of success in the appeal. The cases cited by Sprint for a consideration of the likelihood of success, however, are inapposite, as they involved a request for a stay pending an appeal in the same case. In this case, the parties seeking the stay (defendants here) are not the parties taking the appeal, nor are they even involved in the other litigation. Moreover, in this case, there are inconsistent rulings from two different courts, which means that there is at least a split of authority that will be resolved by the appellate court ruling. Finally, this Court cannot necessarily rely on its own prior reasoning to decide whether the Federal Circuit will likely reverse

in *Cox*, as defendants presently rely on Federal Circuit opinions issued after this Court's ruling on the issue of indefiniteness, which this Court therefore could not have considered. The fact that the Federal Circuit's ruling will determine whether Sprint may pursue its claims on six patents—which claims are not easily segregated from its claims on the other patents—weighs strongly in favor of a stay. Accordingly, the Court in its discretion grants defendants' motion and orders a stay in these cases pending the outcome of that appeal. Once the appeal is resolved, the parties should so notify the Court.[3]

IT IS THEREFORE ORDERED BY THE COURT THAT defendants' motion to stay (Doc. # 846, filed in Case No. 11-2684) is hereby **granted**, and Case Nos. 11-2685 and 11-2686 are hereby stayed, with the trial settings and all deadlines vacated, until further order of the Court.

IT IS SO ORDERED.

Dated this 8th day of October, 2015, in Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge

---

[3]Sprint argues that the Federal Circuit could refuse to accept jurisdiction to decide the invalidity issue at this time. In that event, however, Sprint would be free to seek relief from the stay.

5