# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**CONSOLIDATED CASES**

| | |
|---|---|
| SPRINT COMMUNICATIONS CO., L.P.,<br>    *Plaintiff*,<br><br><br>v.<br><br><br>COMCAST CABLE COMMUNICATIONS, LLC, *et al.*,<br>    *Defendants*. | Case No. 11-2684-JWL |
| SPRINT COMMUNICATIONS CO., L.P.,<br>    *Plaintiff*,<br><br><br>v.<br><br><br>CABLE ONE, INC.,<br>    *Defendant*. | Case No. 11-2685-JWL |
| SPRINT COMMUNICATIONS CO., L.P.,<br>    *Plaintiff*,<br><br><br>v.<br><br><br>TIME WARNER CABLE, INC., *et al.*,<br>    *Defendants*. | Case No. 11-2686-JWL |

## FIRST AMENDED STIPULATED PROTECTIVE ORDER

WHEREAS, Sprint Communications Company, L.P. and Defendants (collectively, the

"Parties") believe that certain materials, information and things discoverable in this case, both

from the Parties and Third-Parties, may consist of trade secrets, proprietary information,

confidential research and development information, and/or otherwise commercially valuable

information that the respective Parties or Third-Parties maintain in confidence in the ordinary

course of business;

O:\ORDERS\11-2684-JWL-PO.doc

WHEREAS, the Parties reasonably believe that public disclosure of materials, information and things determined to be confidential could cause irreparable financial and competitive harms to the disclosing Party or Third-Party;

WHEREAS, the Parties believe that good cause exists for the entry of a Protective Order that is narrowly tailored to protect the aforementioned confidential material, information and things of the Parties and any Third-Parties from whom confidential material, information or things are sought.

By reason of the foregoing, the Parties, by their counsel, pursuant to Fed. R. Civ. P. 26(c) and subject to the approval of the Court, request entry of a Protective Order in the action.

1.     <u>Designation of Confidential Material</u>.

(a)     <u>General</u>. Any documents, materials, tangible things, items, testimony or other information produced or provided by any party in connection with discovery in this litigation (hereinafter, the "Producing Party" or "Designating Party") to another party (hereinafter, the "Receiving Party") may be designated "Confidential" or "Confidential — Outside Attorneys' Eyes Only," subject to the limitations and guidelines set forth herein. For purposes of this Order, "Confidential" information shall mean all information that qualifies for protection under the standards developed under Fed. R. Civ. P. 26(c). The "Confidential — Outside Attorneys' Eyes Only" designation is reserved for extremely sensitive "Confidential" information whose disclosure to another party or nonparty would create a substantial risk of harm to the competitive position of the Producing Party. Any material constituting or containing non-public source code of a party's software or computer applications may be designated "Confidential Source Code — Outside Attorneys' Eyes Only."  All of the foregoing forms of information and all material

derived from it, including copies, recordings, summaries, abstracts, excerpts, analyses or the like, constitute "Designated Material" under this Protective Order.

(b)  <u>Designated Material</u> shall be so designated for the purposes of protecting the Producing Party's proprietary, confidential, commercially or competitively sensitive technical, business, financial or trade secret information, the confidential, personal or financial affairs of its employees or third parties, or other information not publicly known. Examples of properly Designated Material include source code, trade secrets, non-public technical information, practices or methods, non-public marketing drafts, plans or strategies, product data or projections, non-public financial data, strategic business materials, or relationships with third parties, including any agreement documenting the terms of any such relationship. The preceding examples are listed for exemplary purposes only and are not intended to limit or restrict a Producing Party from designating other information "Confidential," "Confidential — Outside Attorneys' Eyes Only," or "Confidential Source Code — Outside Attorney's Eyes Only" in good faith.

(c)  <u>Limits on Designated Material</u>. No item shall be designated or deemed to be Designated Material if it is available to the public at the time of disclosure or becomes publicly known through means not constituting a breach of this Protective Order by the Receiving Party. This Protective Order shall not be construed to protect information that the Receiving Party can show was already known to it or was received by the Receiving Party after the time of disclosure hereunder from a third-party having the right to make such a disclosure.

(d)  <u>Designation Procedure</u>. Designation shall be made, where practicable, by conspicuously marking each page of a document, each separate part or component of a

thing, or each separate item of other material with the legend "Confidential," "Confidential — Outside Attorneys' Eyes Only" or "Confidential Source Code — Outside Attorneys' Eyes Only." If marking the Designated Material is not practicable, designation may be made on a container for or tag attached to the Designated Material. A party wishing to invoke the provisions of this Protective Order shall designate the documents, materials, items, or information, or portions thereof, at the time such information is disclosed, or when the party seeking protection becomes aware of the nature of the information disclosed and sought to be protected. In the case of information produced for inspection, but not yet provided to the inspecting party, such information shall presumptively be deemed "Confidential — Outside Attorneys' Eyes Only," regardless of whether so identified, until copies thereof are produced to the inspecting party, except that material constituting or reflecting source code shall be presumptively deemed "Confidential Source Code — Outside Attorneys' Eyes Only" and treated in accordance with the procedures of Paragraph 6 below.

(e)     <u>Designation Procedure for Deposition Testimony</u>. With respect to deposition testimony, the witness under deposition, or his/her counsel, or any counsel representing any person or party at the deposition, may designate such testimony as "Confidential," "Confidential — Outside Attorneys' Eyes Only" or "Confidential Source Code — Outside Attorneys' Eyes Only," as appropriate, either on the record at the deposition or in writing to all parties within thirty (30) days after the mailing of the deposition transcript by the court reporter. The provisions of this paragraph may be invoked with respect to the witness's entire deposition, or any portion thereof, at any time during the deposition or within thirty (30) days thereafter. Each party in receipt of a copy

4

of a deposition transcript designated under this paragraph shall mark each copy of each portion of such Designated Material therein not already marked by the reporter "Confidential," "Confidential — Outside Attorneys' Eyes Only" or "Confidential Source Code — Outside Attorneys' Eyes Only," as provided for in Paragraph 1(d) above, and will thereafter destroy any unmarked copies of the transcript in its possession, custody or control. Until thirty (30) days after mailing of the transcript by the court reporter has passed, the entire transcript shall be treated as "Confidential — Outside Attorneys' Eyes Only," except that any portion of any transcript reflecting material designated "Confidential Source Code — Outside Attorneys' Eyes Only" shall be presumptively treated in accordance with the procedures of Paragraph 6 below.

(f)     <u>Deposition Conduct</u>. If Designated Material is referred to during the course of a deposition in this action, or if any question asked, answer given, or answer about to be given contains or is reasonably likely to contain Designated Material, then, in the case of material designated "Confidential," any person who is not designated in Paragraph 4 below and is not the deponent, the deponent' s counsel, the reporter or the videographer must leave the room during such portion of the deposition; in the case of material designated "Confidential — Outside Attorneys' Eyes Only" or "Confidential Source Code — Outside Attorneys' Eyes Only," any person who is not designated in Paragraph 5 below with regard to "Confidential — Outside Attorneys' Eyes Only" information or in Paragraph 6 below with regard to "Confidential Source Code — Outside Attorneys' Eyes Only" information, and is not the deponent, the deponent's counsel, the reporter or the videographer must leave the room during such portion of the

deposition. This paragraph shall not be interpreted to authorize disclosure of Designated Material to any person to whom disclosure is prohibited by this Protective Order.

2.      <u>Limits on Use of Designated Material</u>. Designated Material shall be used by a Receiving Party only for purposes of litigating or defending this action, subject to the following exception: such material may additionally be used and disclosed by or on behalf of the parties to any of the following listed actions as though designated in such action, provided such use or disclosure is for the purpose of litigating or defending such action and is otherwise in compliance with the orders entered in such action that apply to material bearing the same designation: *Cox Communications, Inc. et al. v. Sprint Communications Company L.P.*, Case No. 12-0487-SLR (D. Del.); *Comcast Cable Communications, LLC et al. v. Sprint Communications Company L.P.*, Case No. 2:12-cv-00859-JD (E.D.P.A.), *Comcast IP Holdings I, LLC v. Sprint Communications Company L.P. et al.*, Case No. 1:12-cv-00205 (D. Del.), and *Sprint Communications Company L.P. v. Comcast Cable Communications, LLC et al.*, Case No. 1:12-cv-1013 (collectively, the "Other Cases"). Designated Material shall not be used for any other purpose and, specifically, shall not be used by a Receiving Party for any business or competitive purpose. No Designated Material shall, without prior written consent of the Producing Party, be disclosed by a Receiving Party to anyone other than the personnel specified in Paragraphs 4, 5 and 6 below or in any manner other than as described in this Protective Order. Designated Material shall be carefully maintained so as to preclude access by persons who are not entitled to receive such information. Nothing in this Protective Order shall preclude any party or its counsel of record from disclosing or using, in any manner or for any purpose, any information or documents from the party's own files that the party itself has designated "Confidential," "Confidential — Outside Attorneys' Eyes Only" or "Confidential Source Code — Outside Attorneys' Eyes Only."

3.      <u>Patent Prosecution</u>. In no event shall a Receiving Party use Designated Material of a Producing Party for the purpose of preparing or prosecuting any patent application, or in connection with any other proceeding before the U.S. Patent and Trademark Office or any foreign or international patent office. Individuals given access to material designated "Confidential" or "Confidential — Outside Attorneys' Eyes Only" (other than non-technical information potentially relevant to damages issues and/or settlement negotiations) or "Confidential Source Code — Outside Attorneys' Eyes Only" pursuant to Paragraphs 4 -6 below and who actually access any such material, shall not themselves prepare, or counsel or assist others with the preparation, filing, or prosecution of any patent application of the Receiving Party who employed or retained such individual, or an affiliate thereof, that is in the same patent family of any of the Receiving Party's patents-in-suit in this action, including any patent reissue or reexamination proceeding, or any post-grant and/or inter partes review, of any Receiving Party patents-in-suit. The parties may, on a case by case basis and in their sole discretion, by written agreement between the Producing Party and the Receiving Party, provide for disclosure of specified Designated Material to specified individual(s) in a manner that shall be exempt from the application of the prosecution bar of this section and/or from any additional restrictions under Section 5(j).

4.      <u>Access to Material Designated "Confidential</u>." Material designated "Confidential" and all information and material derived from it, including copies, recordings, summaries, abstracts, excerpts, analyses, compilations or the like, may, without the written consent of the Producing Party, be given, shown, made available or communicated in any way by the Receiving Party only to:

(a)     outside litigation attorneys for the parties who are employed by the firms of record in this case, their staff, and professional litigation support vendors (including jury consultants) retained by them or by the parties;

(b)     independent consultants or experts engaged by counsel or by the parties in this litigation and their staffs, whether or not such experts are paid directly by a party, if cleared by the parties pursuant to Paragraph 7 of this Protective Order;

(c)     independent persons or firms retained by any party for the purpose of producing graphic or visual aids, if cleared by the parties pursuant to Paragraph 7 of this Protective Order;

(d)     professional court reporters and videographers to the extent Designated Material is disclosed at a deposition such person is transcribing or recording;

(e)     at a deposition, with respect to documentary material, any deponent who authored or has previously received the particular Designated Material sought to be disclosed to that person, if the document on its face or the deponent's testimony indicates that person authored or received the document;

(f)     at a deposition, any deponent employed at the time of the deposition by the party that designated the particular Designated Material;

(g)     at a deposition, any person formerly employed by the Designating Party who was involved in the matters to which the Designated Material relates or refers;

(h)     the Court and its staff;

(i)     Goodwin Procter LLP, outside counsel for Cisco, and its support personnel who assist outside counsel in this case, provided that Goodwin Procter LLP agrees to be bound by this Protective Order; and

(j)        no more than three (3) specifically designated in-house attorneys for each party (hereinafter "Designated Attorneys"), provided that "Confidential" information will be made accessible to such persons solely in connection with obtaining their advice in preparation for trial or depositions in this action, including any motions made in this action, and provided further that each Designated Attorney review and agree to be bound by this Protective Order. Designated Attorneys are limited to those individuals designated below except others may be substituted or added by consent of all parties:

     (i)        Sprint

       *Designated Attorneys:*

- Jorge Gracia
- Lee Lauridsen
- Jennifer Riggs

     (ii)       Comcast

       *Designated Attorneys:*

- Lynn R. Charytan
- David L. Marcus
- George D. Medlock
- Heather A. Faltin

     (iii)      Cable One

       *Designated Attorneys:*

- Alan Silverman
- Philip Jimenez

     (iv)      Time Warner Cable

       *Designated Attorneys:*

- John Silverio
- Kirill Abramov

- Daniel Boglioli

For the avoidance of doubt, Designated Attorneys are not permitted access to any material designated "Confidential — Outside Attorneys' Eyes Only" or "Confidential Source Code — Outside Attorneys' Eyes Only," except by consent by the designating party or as indicated in Paragraph 5(j) below with regard to "Confidential — Outside Attorneys' Eyes Only."

(k)   persons who are permitted to have access to material designated "Confidential" in any of the Other Cases listed in Paragraph 2, provided such access is given for the purpose of litigating or defending such case and in a manner complying with the applicable provisions of the protective order(s) in force in that case, and such person is and remains in compliance with the applicable provisions of such protective order(s).

5.   <u>Access to Material Designated "Confidential — Outside Attorneys' Eyes Only."</u> Material designated "Confidential — Outside Attorneys' Eyes Only" and all information and material derived from it, including copies, recordings, summaries, abstracts, excerpts, analyses, compilations or the like may, without the written consent of the Producing Party, be given, shown, made available or communicated in any way by the Receiving Party only to:

(a)   outside litigation attorneys for the parties who are employed by the firms of record in this case, their staff, and professional litigation support vendors (including jury consultants) retained by them or by the parties;

(b)   independent consultants or experts engaged by counsel or by the parties in this litigation and their staffs, whether or not such experts are paid directly by a party, if cleared by the parties pursuant to Paragraph 7 of this Protective Order;

10

(c)     independent persons or firms retained by any party for the purpose of producing graphic or visual aids, if cleared by the parties pursuant to Paragraph 7 of this Protective Order;

(d)     professional court reporters and videographers to the extent Designated Material is disclosed at a deposition such person is transcribing or recording;

(e)     at a deposition, with respect to documentary material, any deponent who authored or has previously received the particular Designated Material sought to be disclosed to that person, if the document on its face or the deponent's testimony indicates that person authored or received the document;

(f)     at a deposition, any deponent employed at the time of the deposition by the party that designated the particular Designated Material;

(g)     at a deposition, any person formerly employed by the Designating Party who was involved in the matters to which the Designated Material relates or refers; and

(h)     the Court and its staff;

(i)     Goodwin Procter LLP, outside counsel for Cisco, and its support personnel who assist outside counsel in this case, provided that Goodwin Procter LLP agrees to be bound by this Protective Order; and

(j)     The following Designated Attorneys identified and pre-approved below to receive: (a) all material designated "Confidential — Outside Attorneys' Eyes Only"; and (b) all non-technical material designated "Confidential — Outside Attorneys' Eyes Only" that is potentially relevant to damages issues and/or settlement negotiations:

Subsection 5(j)(a):

(i)     Sprint

11

*Designated Attorneys:*

- Lee Lauridsen
- Jennifer Riggs

(ii)     <u>Cable One</u>

*Designated Attorneys:*

- Alan Silverman
- Philip Jimenez

(iii)    <u>Time Warner Cable</u>

*Designated Attorneys:*

- Daniel Boglioli

Subsection 5(j)(b):

(i)      <u>Sprint</u>

*Designated Attorneys:*

- Jorge Gracia

(ii)     <u>Comcast</u>

*Designated Attorneys:*

- Lynn R. Charytan
- David L. Marcus
- George D. Medlock
- Heather A. Faltin

(iii)    <u>Cable One</u>

*Designated Attorneys:*

(iv)  <u>Time Warner Cable</u>

*Designated Attorneys:*

- Kirill Abramov
- John Silverio

Attorneys designated under Subsection 5(j)(b) shall be deemed additionally designated under Subsection 5(j)(a) upon the provision of written notice to the opposing party(ies) that such individual is no longer participating in patent-related competitive decision-making.

Other attorneys, in addition to the attorneys pre-approved above, may be designated or added by consent of all parties, except that no more than two attorneys in total per party may be designated under each of Subsections 5(j)(a) and 5(j)(b). Such other attorneys qualified for designation under Subsection 5(j)(a) shall not, for the period ending two years subsequent to termination of this litigation, participate in any competitive decision-making activities of a Receiving Party (see, e.g., in *In re Deutsche Bank*, 605 F.3d 1373 at 1380 (Fed. Cir. 2010)). Other attorneys qualified for designation under Subsection 5(j)(b) to receive only non-technical information potentially relevant to damages issues and/or settlement negotiations shall not, for the period ending two years subsequent to termination of this litigation, participate in any competitive decision-making activities of a Receiving Party, other than with respect to patent-related activities.

(k)  persons who are permitted to have access to material designated "Confidential – Outside Attorneys' Eyes Only" in any of the Other Cases listed in Paragraph 2, provided such access is given for the purpose of litigating or defending such case and in a manner complying with the applicable provisions of the protective order(s) in force in that case, and such person is and remains in compliance with the applicable provisions of such protective order(s).

13

6.      <u>Access to Material Designated "Confidential Source Code — Outside Attorneys'</u> <u>Eyes Only.</u>" Protected Material designated as "Confidential Source Code — Outside Attorneys' Eyes Only" will be subject to all of the protections afforded to "Confidential — Outside Attorneys' Eyes Only" information and may be disclosed only to the individuals to whom "Confidential — Outside Attorneys' Eyes Only" information may be disclosed. In the case of Designated Attorneys, protected Material designated as "Confidential Source Code — Outside Attorneys' Eyes Only" may only be disclosed to individuals authorized under sub-section 5(j)(a). Nothing in this protective order shall be construed so as to (i) obligate the parties to produce source code, (ii) serve as an admission that source code of any type is discoverable in this litigation, or (iii) waive any party's right to object on any ground to the production of source code. In the event that source code is produced in this litigation, source code designated "Confidential Source Code — Outside Attorneys' Eyes Only" shall be afforded the following additional protections:

(a)      Source code is to be produced as follows:

(i)      The Designating Party will produce the source code and all related files in native format and broken out by version number and, if applicable, product name and/or product model number. The Designating Party will identify or supply software and/or programming tools that can be used to view the source code.

(ii)      The production of a given version of source code and related files will preserve all file names, directory names, modification and/or commit dates, and directory structures.

(iii)      The Designating Party will produce source code and related files

designated "Confidential Source Code — Outside Attorneys' Eyes Only" pursuant to this Protective Order on an encrypted CD(s), DVD(s), hard drive(s), virtual drive(s), or other media.

(iv)     To the extent that total compliance with Paragraphs 6(a)(i) and 6(a)(ii) would be infeasible or burdensome for a Designating Party with respect to non-source-code documents or information (e.g., with respect to source code management or revision system files), the Designating Party and Receiving Party will discuss solutions wherein the documents or information are produced electronically and reasonably in compliance with Paragraphs 6(a)(i) and 6(a)(ii). This Paragraph does not exempt production of source code from compliance with Paragraphs 6(a)(i) and 6(a)(ii).

(v)     Paragraphs 6(a)(i) through 6(a)(ii) apply to the extent the source-code document or file related to source code is available to the Designating Party in native format. If the document is not available in native format (because, *e.g.*, it is a printout of source code with handwritten remarks), the document may be produced in accordance with the Parties' agreements, and any orders by this Court, regarding other types of documents.

(b)     To the extent any Receiving Party electronically maintains "Confidential Source Code – Outside Attorneys' Eyes Only", such Receiving Party will maintain such "Confidential Source Code – Outside Attorneys' Eyes Only" solely at the offices of Outside Counsel for the Receiving Party or at the offices of independent consultants or experts engaged by counsel or by the parties in this litigation and qualified according to the procedures of Paragraph 7 of this Protective Order on an encrypted CD(s), DVD(s),

hard drive(s), virtual drive(s) or other media, that is encrypted using commercially reasonable encryption technology. Access to the password(s) or decryption key(s) used to unlock the encrypted media will be restricted and such password(s) or decryption key(s) will be stored securely. Only three copies of the encrypted materials are allowed and, upon reasonable request, the Receiving Party will provide the Designating Party with a list of the persons with access to such copies, password(s), or decryption key(s). Regardless of the encryption tool used, the Receiving Party must—except as otherwise specifically provided below—keep the "Confidential Source Code – Outside Attorneys' Eyes Only" in an encrypted state whenever not being actively used for this litigation. For example, if the encryption tool TrueCrypt is used, the Receiving Party will maintain the "Confidential Source Code – Outside Attorneys' Eyes Only" in a TrueCrypt standard container, which will ensure that the "Confidential Source Code – Outside Attorneys' Eyes Only" is only decrypted in random-access memory (RAM); additionally, the Receiving Party will only mount the TrueCrypt volume containing the "Confidential Source Code – Outside Attorneys' Eyes Only" to a drive as needed to review the code; when a review session is over, the volume will be dismounted.

(c)      Regardless of how a Designating Party produces "Confidential Source Code — Outside Attorneys' Eyes Only", the Receiving Party will store any "Confidential Source Code — Outside Attorneys' Eyes Only" in a locked location solely at the office of Outside Counsel for the Receiving Party or at the offices of independent consultants or experts engaged by counsel or by the parties in this litigation and qualified according to the procedures of Paragraph 7 of this Protective Order. Access to the key(s) used to unlock any such location will be restricted and, upon reasonable request, the Receiving

16

Party will provide the Designating Party with a list of the persons who have had access to such key(s). The location must be marked with an "Access Restricted" notice. The Receiving Party will maintain a log of all persons with access to the location to view "Confidential Source Code — Outside Attorneys' Eyes Only," and will provide a copy of the log to the Designating Party upon request if the Designating Party has a justifiable belief that "Confidential Source Code -Outside Attorneys' Eyes Only" has been improperly disclosed. The Receiving Party will electronically access such "Confidential Source Code — Outside Attorneys' Eyes Only" only from a computer that is not connected to the Internet or a network, that is password-protected and that, when not in use, is kept in a locked location as described in accordance with this paragraph. The password(s) used to protect any such computer will be stored securely and access to such password(s) will be restricted to the same individuals who have access to the password(s) or decryption key(s) used to unlock encrypted media.

(d)     One such computer for each party receiving source code may also be brought to depositions and court proceedings provided such materials are maintained by Outside Counsel for the Receiving Party in an encrypted state during transport to and from the deposition or court proceedings, and that the Outside Counsel for the Receiving Party use such materials only when and to the extent reasonably necessary for the furtherance of its claims and defenses in this case.

(e)     If source code is produced on an encrypted CD(s), DVD(s), hard drive(s), virtual drive(s), or other media, the Receiving Party shall store it in that Receiving Party's locked location as described in Paragraph 6(c) after storing the contents on a computer that is not connected to the Internet or a network, that is password-protected and that,

17

when not in use, is kept in a locked location as described in Paragraph 6(c). The Receiving Party shall not make any additional copies of the Designating Party's source code. The Receiving Party shall permanently delete the source code from its computers and return any CD(s) or other storage medium to the Producing Party within thirty (30) days of the conclusion of this action by settlement or final judgment, including exhaustion of all appeals.

(f)      Outside Counsel and their staff or an expert or consultant for the Receiving Party, qualified according to the procedures of Paragraph 7, shall be entitled to take notes relating to the source code but may not copy the source code into the notes. Any such notes shall be maintained at all times in a secure location under the direct control of an individual authorized to view "Confidential Source Code — Outside Attorneys' Eyes Only" material, and shall be destroyed within sixty (60) days of the conclusion of this action by settlement or final judgment, including exhaustion of all appeals, as required under Paragraph 20 below.

(g)      Outside Counsel and their staff or an expert or consultant for the Receiving Party may print limited portions of "Confidential Source Code — Outside Attorneys' Eyes Only" as reasonably necessary to facilitate the Receiving Party's furtherance of its claims and defenses in this case. Each page printed from "Confidential Source Code -Outside Attorneys' Eyes Only" will bear the notice "Confidential Source Code -Outside Attorneys' Eyes Only." The Receiving Party may print a total of 50 pages from "Confidential Source Code -Outside Attorneys' Eyes Only." Copies of printed pages for the purpose of filing with the court or providing exhibits to expert reports shall not count toward the total. The Receiving Party may request, in writing, permission from the

Designating Party to print additional pages. The Designating Party may withhold such permission only for good cause. While nothing in this Protective Order prevents the Parties from including "Confidential Source Code -Outside Attorneys' Eyes Only" in court filings made under seal or from preparing exhibits including "Confidential Source Code -Outside Attorneys' Eyes Only" to be used in expert reports or at depositions, hearings, trial, mediation or other proceedings in this case, both parties will include information designated "Confidential Source Code — Outside Attorneys' Eyes Only" in such materials only when and to the extent reasonably necessary for the furtherance of its claims and defenses in this case.

(h)     Any printouts of "Confidential Source Code — Outside Attorneys' Eyes Only" material shall be stored or viewed only at (i) the offices of Outside Counsel for the receiving party; (ii) the offices of outside experts or consultants qualified according to the procedures of Paragraph 7; (iii) the site where any deposition is taken, (iv) the Court; or (v) any intermediate location necessary to transport the information to one of the foregoing locations. Any printouts shall be maintained at all times in a secure location under the direct control of an individual authorized to view "Confidential Source Code - Outside Attorneys' Eyes Only" material, and shall be destroyed within sixty (60) days of the conclusion of this action by settlement or final judgment, including exhaustion of all appeals, as required under Paragraph 20 below. Upon reasonable request of the Designating Party, the Receiving Party will provide written confirmation of the number of printouts made of, "Confidential Source Code — Outside Attorneys' Eyes Only" material.

(i)     The parties shall cooperate to take such steps as are reasonably necessary

to protect information which contains or discloses the substance of any portion of the designated source code from disclosure to the public, including (subject to this Court's rules) in the course of the trial of this action, during any hearing in this action, and in any briefing or other filing in this action.

7.   <u>Clearance Procedure for Consultants, Experts and Graphics Firms</u>. Designated Material may be provided to an independent consultant or expert, or a firm retained for the purpose of producing graphics or other visual aids, as described in Paragraphs 4(b)-(c) and 5(b)-(c) only after ten (10) days following written notice to the Designating Party of the proposed disclosure to the consultant or expert. The written notice shall also include a fully executed copy of the Acknowledgement attached hereto as Exhibit A, completed by the consultant, expert or graphics firm. With respect to the independent consultant or expert described in Paragraphs 4(b) and 5(b), a Receiving Party shall also provide a current resume or curriculum vitae including (i) any previous or current relationship (personal or professional) with any of the parties, (ii) a listing of all papers or articles written in the previous ten years, and (iii) a list of persons or entities by which or on behalf of which the consultant or expert has been retained in the preceding five (5) years, including a brief description of the subject matter of each such retention, the technology involved (if applicable), whether expert reports were submitted and what, if any, testimony was given. If the Designating Party objects, in writing, to disclosure of Designated Material to the consultant, expert or graphics firm within the ten (10) day period, no disclosure of Designated Material may be made to such person or firm pending resolution of the objection. If the parties cannot resolve the issue informally, the party objecting to the proposed disclosure may, within ten (10) business days of providing written objection to the party desiring to disclose Designated Materials to its expert or consultant, seek an appropriate order from the

Court disqualifying the consultant or expert or protecting against the proposed disclosure to the consultant or expert. Until the Court rules on the matter, no disclosure of Designated Material to the consultant or expert shall be made.

8.      <u>Expert Discovery</u>. Drafts of expert reports, other writings generated by testifying experts with respect to their work in this case, and communications between Outside Counsel and experts relating to their work in this case are exempt from discovery in this or any other litigation, unless relied on by the expert as a basis for his or her expert testimony. Nothing in this Order shall be construed to limit the discovery or examination of expert witnesses concerning documents or other information relied on by the expert as a basis for his or her final opinions in this case, or compensation received by such expert witness for his or her testimony, if any, including but not limited to disclosures required by Fed. R. Civ. P. 26(a)(2)(B)(vi).

9.      <u>Third Party Confidential Information</u>. The parties recognize that discovery of a third-party may involve receipt of that party's confidential information. Accordingly, a third party may designate confidential information produced by it "Confidential," "Confidential — Outside Attorneys' Eyes Only" or "Confidential Source Code — Outside Attorneys' Eyes Only" pursuant to the terms of this Protective Order and is subject to all applicable provisions of this Protective Order with respect to any material so designated (such Designated Material is hereinafter referred to specifically as "Third Party Confidential Information"). In order to ensure adequate protection of Third Party Confidential Information disclosed during depositions where counsel for the third party in question is not present, such as the deposition of an expert witness retained by a party, the party that issued the subpoena to the third party or otherwise requested Third Party Confidential Information from the third party may provisionally designate any portion of the deposition transcript discussing Third Party Confidential Information

"Confidential," "Confidential -Outside Attorneys' Eyes Only" or "Confidential Source Code - Outside Attorneys' Eyes Only" in accordance with the procedures of Paragraph 1(d) and will promptly notify the third party in writing of the provisional designation, such that the third party can confirm the appropriateness of the designation and take such other measures it deems necessary to protect the confidentiality of its information.

10.     <u>Filing of Designated Material with the Court</u>. If a party wishes to use any Designated Material in any affidavits, briefs, memorandum of law, or other papers filed in this court in this litigation, such papers or transcript may be filed under seal only upon separate, specific motion and later order of the court. The party seeking to file the Protected Material under seal in this court must follow the procedures set forth in D. Kan. Rule 5.4.6.

11.     <u>Errors in Designation</u>. A Producing Party that inadvertently fails to designate an item pursuant to this Protective Order at the time of the production shall make a correction promptly after becoming aware of such error. Such correction and notice thereof shall be made in writing accompanied by substitute copies of each item, appropriately designated. Those individuals who reviewed the documents or information prior to notice of the failure to designate by the Producing Party shall, to the extent reasonably feasible, return to the Producing Party or destroy all copies of such undesignated documents and shall honor the provisions of this Protective Order with respect to the use and disclosure of any confidential information contained in the undesignated documents, from and after the date of designation.

12.     <u>Improper Disclosure</u>. If information designated pursuant to this Protective Order is disclosed to any person other than in the manner authorized by this Protective Order, the party responsible for this disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of the Designating Party, without prejudice to other rights and

remedies of the Designating Party, and shall make every effort to prevent further improper disclosure.

13.  <u>Objections to Designations</u>. If at any time during the pendency of this litigation any party claims that information is not appropriately designated (the "Objecting Party"), the Objecting Party may serve notice of objection on the Designating Party. Within ten (10) calendar days of receiving such notice, the Designating Party shall respond in writing. If the Designating Party and the Objecting Party cannot resolve the dispute, the Objecting Party may move for an order from the Court for re-designation of the disputed material. If the Objecting Party moves for an order from the Court for re-designation, the Designating Party shall bear the burden to establish that the original designation complies with the guidelines and limitations described in this Order. Until or unless the parties formally agree in writing to the re-designation of such material, or until such time as the material is re-designated by order of the Court, all Designated Materials will continue to receive confidential treatment pursuant to the terms of this Protective Order in accordance with the designation chosen by the Designating Party.

14.  <u>Use of Designated Material at Trial or Other Court Proceedings</u>. This Protective Order, insofar as it restricts the dissemination and use of Designated Material, shall not apply to the introduction of evidence at trial or the display or discussion of Designated Material during hearings held by the Court, including but not limited to claim construction and summary judgment hearings. However, any non-disclosing party intending to use Designated Material at trial or during hearings must provide notice of its intent to the Designating Party 24 hours in advance and any party or third party may seek appropriate court orders, including without limitation, an order which restricts the use of any material covered by this Protective Order during the trial or other Court proceeding, that requests that portions of the transcript be sealed,

23

or restricts access of the public to certain portions of the trial or other Court proceeding.

15.     <u>Inadmissibility of Designation</u>. Unless the parties stipulate otherwise, evidence of the existence or nonexistence of a designation under this Protective Order shall not be admissible for any purpose, nor shall the designation or acceptance of any information designated pursuant to this Protective Order constitute an admission or acknowledgement that the material so designated is in fact proprietary, confidential, or a trade secret.

16.     <u>Privilege Logs</u>. The parties shall confer in good faith to reach agreement on reasonable deadline(s) for the exchange of privilege logs. The parties agree that such logs need not be produced simultaneously with the production of documents and contemplate that such logs shall instead be produced at a reasonable time thereafter. With respect to information generated after the filing of the complaint, parties are not required to include any such information in privilege logs and the absence of any reference to such materials in such logs shall not be deemed to effect a waiver of any applicable claim of privilege or attorney work product.

17.     <u>Inadvertent Production of Privileged Materials</u>. Counsel shall make reasonable efforts to identify materials protected by the attorney-client privilege or the work product doctrine prior to the disclosure of any such materials. The inadvertent production of any document or thing shall be without prejudice to any claim that such material is protected by the attorney-client privilege or protected from discovery as work product and no Producing Party shall be held to have waived any rights thereunder by inadvertent production. If a Producing Party discovers that materials protected by the attorney-client privilege or work product doctrine have been inadvertently produced, counsel for the Producing Party shall promptly give written notice to counsel for the Receiving Party. The Receiving Party shall take prompt steps to ensure that all known copies of such material are returned to the Producing Party or destroyed, and any

notes or summaries, other than those expressly permitted in this section, referring to or relating to any such materials are destroyed, with such destruction certified in writing. Nothing herein shall prevent the Receiving Party from preparing a record for its own use containing the date, author, address(es), and such other information as is reasonably necessary to identify the inadvertently produced material and generally describe its nature to the Court in any motion to compel production of such material. Such a record of the identity and nature of the material may not be used for any purpose other than preparation of a motion to compel in this Action. After return of the inadvertently produced material the Receiving Party may afterward contest such claims of privilege or work product as if the materials had not been produced, but shall not assert that a waiver occurred as a result of the production.

18.     Other Proceedings. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated as confidential pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

19.     Notification of Subpoena, Document Request, or Order in Other Litigation. If a Receiving Party is served with a subpoena, document request, or order issued in other litigation that would compel disclosure of any information or items designated by another party to this action as "Confidential," "Confidential — Outside Attorneys' Eyes Only" or "Confidential Source Code — Outside Attorneys' Eyes Only," the Receiving Party must so notify the Designating Party in writing as soon as reasonably practicable and in no event more than five (5)

25

days after receiving the subpoena, document request, or order. Such notification must include a copy of the subpoena, document request, or order. The Designating Party shall bear the burden and expense of seeking to protect the requested material from production in the other litigation.

20.     <u>Final Disposition of Designated Material</u>. Within sixty (60) days following termination of this litigation by settlement or final judgment, including exhaustion of all appeals, the originals and all copies of Designated Material shall be either destroyed or turned over to the Producing Party, or to its counsel. If Designated Material is destroyed pursuant to this paragraph, counsel shall provide to opposing counsel a certification identifying when and how the destruction was performed. Notwithstanding this paragraph, Outside Counsel of record may retain pleadings, attorney and consultant work product, and depositions (with exhibits) for archival purposes.

21.     <u>Survival</u>. Consistent with paragraph 5 of the court's guidelines concerning protective orders, the terms of this Protective Order shall <u>not</u> survive termination of this litigation. However, the parties may seek leave to reopen the case to enforce the provisions of the protective order.

Assent to the entry of the foregoing Protective Order is hereby given by the parties by and through their attorneys.

SO ORDERED this 6th day of December, 2016, at Kansas City, Kansas

 s/ James P. O'Hara
James P. O'Hara
United States Magistrate Judge

26

**EXHIBIT A**
**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**CONSOLIDATED CASES**

| | |
|---|---|
| SPRINT COMMUNICATIONS CO., L.P.,<br>      *Plaintiff*,<br><br>           v.<br><br>COMCAST CABLE COMMUNICATIONS, LLC, *et al.*,<br>      *Defendants*. | Case No. 11-2684-JWL |
| SPRINT COMMUNICATIONS CO., L.P.,<br>      *Plaintiff*,<br><br>           v.<br><br>CABLE ONE, INC.,<br>      *Defendant*. | Case No. 11-2685-JWL |
| SPRINT COMMUNICATIONS CO., L.P.,<br>      *Plaintiff*,<br><br>           v.<br><br>TIME WARNER CABLE, INC., *et al.*,<br>      *Defendants*. | Case No. 11-2686-JWL |

**ACKNOWLEDGMENT AND AGREEMENT TO BE**
**BOUND BY THE PROTECTIVE ORDER**

     I, _____, declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the District of Kansas in this matter. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the District of Kansas for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____