IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SPRINT COMMUNICATIONS COMPANY L.P., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>COMCAST CABLE COMMUNICATIONS )<br>LLC, et al., )<br>)<br>Defendants. )<br>_____) | Case No. 11-2684-JWL |

**MEMORANDUM AND ORDER**

This case comes before the Court on Comcast's[1] objections (Doc. # 1115) to the Order of February 23, 2017, in which the Magistrate Judge ruled that Comcast had waived the attorney-client privilege for certain subjects and ordered Comcast to produce certain documents. The Court **overrules** those objections.

With respect to a magistrate judge's order relating to nondispositive pretrial matters, the district court does not conduct a de novo review; rather, the court applies a more deferential standard by which the moving party must show that the magistrate judge's order is "clearly erroneous or contrary to law." *See First Union Mortgage Corp. v. Smith*, 229 F.3d 992, 995 (10th Cir. 2000) (quoting *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1461-62 (10th Cir. 1988)); 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ.

---

[1]The Court refers to defendants collectively as "Comcast" and to plaintiff as "Sprint".

P. 72(a). The clearly erroneous standard "requires that the reviewing court affirm unless it on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *See Ocelot Oil*, 847 F.2d at 1464 (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)). Arguments not made to the Magistrate Judge are deemed waived and may not be raised for the first time on review. *See McCormick v. City of Lawrence, Kan.*, 218 F.R.D. 687, 693 n.4 (D. Kan. 1993) (citing *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996)).

The Court concludes that the Magistrate Judge did not clearly err or act contrary to law in his ruling. First, Comcast emphasizes that the court in the Pennsylvania action involving these parties did not find any waiver of the privilege by Comcast. That court's ruling on specific issues does not bind this Court in resolving separate issues in this case, however. Moreover, in its objections, Comcast relies on proceedings taking place in that court after January 25, 2017, but it waived any such argument based on those proceedings by failing to discuss those proceedings before the Magistrate Judge.

Second, Comcast argues that there was no waiver because the evidence disclosed in Pennsylvania was not privileged. Comcast has effectively waived any such argument, however. Comcast notes that it called Sprint's allegations "meritless" in its brief to the Magistrate Judge; but in that brief, Comcast did not discuss any particular evidence or offer any argument as to why the disclosed evidence was not privileged. It may not do so for the first time now. Moreover, the Magistrate Judge's finding that some of the new evidence was privileged was not without basis. Comcast did not deny in its original brief

2

that many of the documents were labeled as privileged on their face, that some were redacted, and that the November 2007 document was sent to counsel.  Even in its objections, Comcast has not explained why Mr. Finnegan's deposition testimony was not privileged, particularly given his previous sworn testimony that he knew the answers only because of privileged discussions with counsel.[2]  In the absence of argument to the contrary, the Magistrate Judge did not clearly err in finding that Comcast had disclosed privileged information.

Third, the Court concludes that the Magistrate Judge did not clearly err with respect to the scope of the waiver.  The Magistrate Judge reasonably weighed the pertinent considerations in defining the subject matter of the disclosed information.  The Court also rejects Comcast's argument that it did not decide to use privileged information in the Pennsylvania case.  In that case, Comcast was ordered to produce documents and offer Mr. Finnegan for a deposition if it wished to present certain testimony at trial, and the disclosures resulted.

Fourth, the Court rejects Comcast's timeliness argument.  The Court agrees with the Magistrate Judge that this issue arose from Comcast's recent production and the deposition of Mr. Finnegan.

Comcast does request clarification concerning documents containing redactions

---

[2]Comcast suggests that Mr. Finnegan, a lay witness, invoked the privilege under pressure and on the fly.  Mr. Finnegan, however, was represented in the original deposition by counsel, who instructed Mr. Finnegan not to answer.

3

of information that does not fall within the categories of documents ordered produced by the Magistrate Judge. The Court interprets the Magistrate Judge's order not to require that such redactions be undone.[3]

IT IS THEREFORE ORDERED BY THE COURT THAT defendants' objections (Doc. # 1115) to the Magistrate Judge's Order of February 23, 2017, are hereby **overruled**. Comcast shall produce the documents to Sprint as ordered by the Magistrate Judge (and as clarified herein) on or before **March 2, 2017**.

IT IS SO ORDERED.

Dated this 1st day of March, 2017, in Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge

---

[3]The Court ordered Comcast to provide the responsive documents *in camera*, and Comcast provided 15 documents. The Court notes that the Magistrate Judge contemplated disclosure of at least some of the 118 documents from prior privilege logs about which Sprint inquired and which Comcast purportedly reviewed. Thus, when it produces the documents to Sprint as ordered, Comcast shall file a notice confirming its compliance with this order.