IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SPRINT COMMUNICATIONS )
COMPANY L.P., )
 )
                Plaintiff, )
 )
v. )   Case No. 11-2684-JWL
 )
COMCAST CABLE COMMUNICATIONS )
LLC, et al., )
 )
                Defendants. )
_____)

**MEMORANDUM AND ORDER**

This case comes before the Court on the parties' joint motion to amend the pretrial order (Doc. # 1169). The proposed changes would refine the parties' positions and narrow the issues for trial. The Court deems the changes appropriate, and it **grants** the parties' joint motion.

This matter also comes before the Court on the motion by plaintiff Sprint to amend the pretrial order to include a claim of willful infringement (Doc. # 1172). For the reasons set forth below, the Court's **grants** Sprint's motion, and Sprint will be permitted to assert such a claim at trial.

Rule 16(e) provides that a court may modify a pretrial order only to prevent manifest injustice, *see* Fed. R. Civ. P. 16(e), and the burden of making that showing falls on the party seeking modification of the pretrial order. *See Koch v. Koch Indus.*, 203 F.3d 1202, 1222 (10th Cir. 2000). The Tenth Circuit has identified the following factors

relevant to this issue: "(1) prejudice or surprise to the party opposing trial of the issue; (2) the ability of that party to cure any prejudice; (3) disruption to the orderly and efficient trial of the case by inclusion of the new issue; and (4) bad faith by the party seeking to modify the order." *See id.* at 1222 (footnote and citations omitted). Also relevant is the timeliness of the motion for modification. *See id.* at 1223.

Sprint relies on new evidence obtained from defendant Comcast this year after the Court concluded that Comcast had waived the attorney-client privilege with respect to certain subjects. That new evidence supports a claim of willful infringement by Comcast. For instance, between November 2005 and April 2007, Comcast reports of "Patent Matters" contained a designation of "High" for "Litigation/Threatened Litigation" with Sprint, with reference to Sprint's then-pending patent suit against Vonage. Between April 2010 and September 2011, certain Comcast reports relating to Sprint noted, as an "Assumption," that the "Probability of Success of Sprint Assertion" regarding infringement by Comcast was "75%". A November 2007 Comcast document concerning the need for acquiring patents included the following as a "Licensing and Litigation" justification: "Prep for . . . Sprint . . . ." Other new documents show communications within Comcast concerning the need to investigate the possibility of Comcast's infringement of Sprint's patents. Finally, when Sprint re-deposed Comcast's Rule 30(b)(6) witness after production of the new documents, the witness brought with him a typewritten sheet listing three "clarifications" of his prior testimony based on a review of those new documents, including testimony concerning Comcast's monitoring

2

of the *Vonage* case.[1] Thus, Sprint relies on new evidence that, on its face, appears to show that Comcast anticipated litigation with Sprint, that the likelihood of such litigation was high, and that Comcast believed that an infringement suit by Sprint had a high likelihood of success. Such evidence would support an argument by Sprint that Comcast acted willfully when it continued to act despite its belief that it was likely infringing Sprint's patents.

The Court's preference in any suit is to ensure that the case is decided on the merits of the plaintiff's claims. In this case, justice demands that Sprint's allegation of willful infringement by Comcast be resolved on the merits at trial. Thus, the Court concludes in its discretion that, in light of the new evidence supporting a claim of willful infringement, modification of the pretrial order to allow for such a claim is necessary to prevent manifest injustice.

The Court addresses Comcast's various arguments in opposition to Sprint's motion. First, Comcast argues that justice does not require amendment because Sprint cannot show that this is an egregious case of misconduct beyond typical infringement, as required for an award of enhanced damages (to which a willfulness finding would be

---

[1] In response to Sprint's accusation of litigation misconduct, Comcast attempts to explain any untruthful testimony by this witness as the result of his failure to review certain documents, while conceding that the witness intentionally refused to review certain privileged documents in order to avoid waiving the privilege in his testimony. Such an explanation is patently insufficient. A Rule 30(b)(6) witness is obliged to review pertinent documents to prepare for his testimony, and the fact that a privilege prevents disclosure of information does not give a witness license to misrepresent that information.

3

relevant). *See Halo Electronics, Inc. v. Pulse Electronics, Inc.*, 136 S. Ct. 1923, 1935 (2016). The Court rejects such an argument based on futility. Comcast provides its own interpretation of the new evidence on which Sprint relies. That evidence, however, is sufficient on its face (when viewed in the light most favorable to Sprint) to allow (a) a jury to find that Comcast acted willfully and (b) the Court to conclude that knowing infringement by Comcast takes this case beyond the typical case of infringement. The Court makes no such decision at this time; instead, it merely points out that the new evidence is capable of supporting such a decision. As Sprint suggests, the parties' dispute concerning the meaning and relevance of the new evidence is best resolved by the jury and the Court after a full presentation of the evidence at trial.

Second, Comcast argues that it would suffer incurable prejudice (the first two factors from *Koch*, above) from an amendment of the pretrial order at this time. Comcast identifies only two specific ways in which it would suffer prejudice, however. Comcast first argues that amendment would greatly increase the possible damage award to Sprint, but such a risk of greater liability does not constitute the type of prejudice relevant to this inquiry. *See Chao v. Concrete Mgmt. Resources, L.L.C.*, 2009 WL 564381, at *3 n.4 (D. Kan. Mar. 5, 2009) (Lungstrum, J.) (citing 6 Chas. A. Wright, et al, *Federal Practice & Procedure* § 1487 (2d ed. 1990)). Comcast also argues that there would not be sufficient time before trial to allow for briefing and resolution of a motion for summary judgment on the new claim. The Court is not moved by any such claim of prejudice. Comcast has had ample time, since Sprint first broached the possibility of a willfulness claim based

4

on the new evidence, to marshal its arguments that such a claim could not succeed as a matter of law, and Comcast has indeed argued, in opposition to this motion, that Sprint cannot succeed on a claim for enhanced damages. As discussed above, the Court cannot conclude at this time that a willfulness claim and a claim for enhanced damages could not succeed as a matter of law.[2]

The trial of this matter has already been continued to allow for discovery based on the new production of documents by Comcast, and Comcast has not identified any additional discovery needed or any other potential prejudice to the addition of a claim at this time. The present motion cannot have come as a surprise to Comcast, as Sprint gave notice of a possible willfulness claim at the time of the new production, and thus Comcast has had many months in which to prepare to litigate such a claim. Accordingly, the Court concludes that amendment of the pretrial order at this time would not cause any unfair prejudice to Comcast. That lack of prejudice weighs heavily in favor of permitting the amendment here.

Third, Comcast argues that amendment would disrupt the trial of this matter (the third *Koch* factor) by injecting additional evidence, arguments, and legal disputes into the trial. Comcast further argues that, although the willfulness evidence may overlap

---

[2]Despite this conclusion, if Comcast nevertheless intends to file a motion for summary judgment on the claim of willful infringemenet, based on additional arguments not asserted in response to the motion to amend, that motion must be filed by September 6, 2017, with an argument section limited to ten pages. Sprint shall have two weeks to file a response to any such motion, with any reply due one week after the filing of the response.

5

with issues relating to its equitable defenses, the presentation of such evidence to the jury will add confusion, in light of the parties' stipulation that the trial should be bifurcated to separate the legal issues for the jury from the equitable issues for the Court. The Court rejects this argument as a basis for denial of the motion. Willfulness claims are routinely included in patent infringement trials, and indeed Sprint's recent infringement case against Time Warner Cable included such a claim. Comcast has not suggested that the presentation of evidence may not be completed within the three weeks allotted for this trial. Nor has Comcast addressed Sprint's argument that the same evidence would be presented to the jury at any rate as relevant to the issue of damages (including the relevant factor of the parties' relationship).[3] The Court concludes that amendment would not disrupt the orderly and efficient trial of this case.

Fourth, the Court rejects Comcast's argument that Sprint has acted in bad faith (the fourth *Koch* factor). In that regard, Comcast argues only that Sprint has mischaracterized the new evidence. The Court does not agree that Sprint has acted in bad faith. Sprint has reasonably described the evidence as viewed in its favor, and Comcast has given its own gloss on that evidence. Comcast does not dispute that Sprint acted diligently in bringing this motion after the waiver and production by Comcast that resulted in the new evidence. Thus, this factor weighs in favor of allowing the amendment.

---

[3]The Court does not intend by this order to indicate how it would rule on any particular issue concerning the admissibility of evidence at trial.

Fifth and finally, Comcast argues that Sprint's motion is untimely. Sprint filed this motion by the deadline contained in the Court's scheduling order issued after Comcast's waiver of privilege. Comcast notes that the Court previously denied Sprint leave to amend to add a claim of willfulness on the basis of untimeliness. The Court does not agree, however, that its previous ruling prohibits a second motion to amend based on the new evidence. On the previous occasion, Sprint argued that it moved to amend based on evidence of communications between Comcast and counsel retained to monitor the Sprint-Vonage case. The Court, in upholding the ruling of the Magistrate Judge, concluded that Sprint had known of Comcast's retention of counsel many months before filing the motion (and that it therefore had not acted diligently), and that such evidence could not support a claim of willfulness at any rate in light of the privilege attached to Comcast's communications with counsel. (See Doc. # 655.) In this second instance, Sprint has been diligent and did not delay in seeking amendment after obtaining the new evidence and conducting related discovery, and the waiver of the privilege makes the communications with counsel newly relevant to this claim. Comcast argues that the new evidence did not really add anything to Sprint's knowledge, as Sprint already had notice that Comcast knew of Sprint's patents and the *Vonage* litigation and that Comcast retained counsel to review that litigation. The new evidence, however, as described above, lends significant additional weight to a claim of willfulness. That evidence is sufficiently probative to have changed any reasonable assessment of the

7

merits of the new claim.[4] Therefore, the Court concludes that Sprint's motion should not be denied as untimely.

The relevant factors identified by the Tenth Circuit weigh in favor of allowing the requested amendment in this case, and Sprint's claims are most appropriately decided on their merits at trial. Accordingly, the Court concludes that modification of the pretrial order is necessary to prevent manifest injustice, and itstherefore grants Sprint's motion to add a claim against Comcast for willful infringement.

IT IS THEREFORE ORDERED BY THE COURT THAT the parties' joint motion to amend the pretrial order (Doc. # 1169) is hereby **granted**.

IT IS FURTHER ORDERED BY THE COURT THAT plaintiff's motion to amend the pretrial order to include a claim of willful infringement (Doc. # 1172) is hereby **granted**, and plaintiff will be permitted to assert such a claim at trial.

---

[4]As the Court suggested in its prior order, the fact that Sprint may have previously had sufficient information to plead a willfulness claim that would survive a motion to dismiss (namely, the mere fact that Comcast knew of Sprint's patents) does not necessarily mean that Sprint had enough evidence reasonably to believe that such a claim would ultimately succeed. As a general matter, the Court does not seek to encourage the pleading of a claim in the absence of a good faith belief in the merits of that claim. Thus, the Court will not prohibit the assertion of a new claim, based on new information, merely because the plaintiff could have alleged a somewhat speculative claim at an earlier time. In this case, Sprint's willfulness claim is based primarily and reasonably on newly-obtained evidence; thus, the Court will not preclude Sprint from seeking amendment to assert that claim.

8

IT IS FURTHER ORDERED BY THE COURT THAT plaintiff forthwith shall submit an amended pretrial order, in the form submitted by the parties as a proposed amended pretrial order, including the disputed portions related to plaintiff's willfulness claim, for the Court to issue.

IT IS SO ORDERED.

Dated this 30th day of August, 2017, in Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge
