IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SPRINT COMMUNICATIONS )
COMPANY L.P., )
 )
              Plaintiff, )
 )
v. ) Case No. 11-2684-JWL
 )
COMCAST CABLE COMMUNICATIONS )
LLC, et al., )
 )
             Defendants. )
_____)

## MEMORANDUM AND ORDER

This case comes before the Court on plaintiff Sprint's motion for summary judgment on defendant Comcast's equitable defenses and for sanctions for alleged litigation misconduct (Doc. # 1191). The Court **denies** the motion for summary judgment. The Court defers ruling on the motion for sanctions, which therefore remains pending.

    1.    Sprint seeks summary judgment on Comcast's equitable affirmative defenses of equitable estoppel, implied license (based on equitable estoppel), and acquiescence, based on its argument that Comcast cannot show the necessary reliance on Sprint's conduct as a matter of law.[1] In accordance with the scheduling order's deadlines in this case, the parties previously filed motions for summary judgment, which

---

[1] For purposes of this order, the Court need not resolve the parties' dispute concerning whether reliance is an element of the acquiescence defense.

the Court ruled by Memorandum and Order of December 5, 2016. *See Sprint Communications Co. L.P. v. Comcast Cable Communications LLC*, 2016 WL 7052055 (D. Kan. Dec. 5, 2016) (Lungstrum, J.). Sprint moved for summary judgment on Comcast's defenses of equitable estoppel and implied license, but it did not argue a lack of reliance in those motions. The court denied those motions, and it also denied Comcast's motion on the defense of equitable estoppel. After the Court continued the trial and allowed for limited additional discovery after Comcast waived the attorney-client privilege with respect to certain documents, a new scheduling order set a deadline for any further motion for sanctions or for dispositive relief, which deadline Sprint met in filing the instant motion. The Court's intent in setting that deadline was to allow only an additional dispositive motion based on new evidence obtained after the privilege waiver.

Sprint argues that the new evidence demonstrates a lack of reliance. The Court remains unwilling, however, to decide the merits of Comcast's equitable defenses as a matter of law at this stage, when all evidence must be viewed in the light most favorable to Comcast. The Court will touch on only a few points relevant to that inquiry. First, the Court notes that although Sprint refers repeatedly to Comcast's defenses based on Sprint's alleged silence, Comcast also alleges affirmative conduct by Sprint as the basis for those defenses. Second, as Comcast points out, it alleges such conduct occurring as early as 2003, while Sprint's motion and the new evidence relate only to the period beginning in 2005. Third, although some of the new evidence may support Sprint's

2

positions in the case, Comcast has provided evidence to counter Sprint's interpretations of the new documents. Sprint may argue that the inferences it draws from the new evidence are stronger and more reasonable than the inferences argued by Comcast, but as already noted, the Court must weigh all evidence at this stage in the light most favorable to Comcast.[2] For these reasons, the Court concludes that the factual issue of reliance should be determined after trial, at which time all of the evidence may be weighed and the credibility of the witnesses may be assessed.

2. Sprint also seeks summary judgment on all four of Comcast's equitable defenses (equitable estoppel, implied license, acquiescence, and waiver) on the basis of its argument that, as a matter of law, the Court could not weigh the equities in Comcast's favor as required for an award of equitable relief to Comcast. As the Court concluded in its prior summary judgment ruling, however, the necessary weighing of the facts and equities is best performed after the presentation of all evidence at trial. *See Sprint v. Comcast*, 2016 WL 7052055, at *20. Accordingly, the Court denies the motion for summary judgment on Comcast's equitable defenses.

3. By the same motion, Sprint seeks to recover its attorney fees incurred at various points in this litigation, as a sanction against Comcast for litigation misconduct,

---

[2]In the most glaring example, Sprint, in arguing that Comcast has pursued a false narrative to support its equitable defenses, makes much of the fact that Comcast's in-house patent counsel stated in a 2010 document that the history of Sprint's dealings with Comcast "[m]akes for a nice story on laches." Although Sprint argues that the statement suggests a concocted defense, the reference to a "nice story" could just as easily (or perhaps more easily) be interpreted to refer to a defense with a lot of merit.

pursuant to the Court's inherent authority, 28 U.S.C. § 1927, and Fed. R. Civ. P. 37(b)(2). That motion is based in part on Comcast's alleged misconduct in pursuing equitable defenses without merit. The Court concludes that these issues are best considered after presentation of all of the evidence at trial. Accordingly, the Court defers ruling on the motion for sanctions until after trial, and the motion therefore remains pending as it relates to the issue of sanctions.

IT IS THEREFORE ORDERED BY THE COURT THAT plaintiff's motion for summary judgment on defendant's equitable defenses and for sanctions (Doc. # 1191) is **denied** with respect to the motion for summary judgment and remains pending with respect to the motion for sanctions.

IT IS SO ORDERED.

Dated this 31st day of August, 2017, in Kansas City, Kansas.

s/ John W. Lungstrum\_\_\_
John W. Lungstrum
United States District Judge

4